882 So.2d 693 (2004)
STATE of Louisiana, Appellee
v.
Glenn Ray BANNISTER, Appellant.
No. 38,967-KA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 2004.
*694 Karen Godail Arena, Paula Corley Marx, Lafayette, Louisiana Appellate Project, for Appellant.
Terry R. Reeves, District Attorney, James E. Lewis, Assistant District Attorney, for Appellee.
Before CARAWAY, DREW and MOORE, JJ.
CARAWAY, J.
A jury convicted Glenn Bannister of possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1. For the conviction, Bannister received a fifteen year hard labor sentence without benefit of parole, probation or suspension of sentence. Bannister appeals his conviction and sentence arguing that the evidence was insufficient to support the conviction, the state prejudicially utilized other crimes evidence and the imposed sentence is excessive. Finding no reversible error, we affirm Bannister's conviction and sentence.

Facts
While putting up game fencing on his Winn Parish property on the morning of November 10, 2002, Bill Busbice encountered Bannister on a broken down three-wheeler. Busbice asked what Bannister was doing on his property and informed Bannister that he was trespassing. According to Busbice, Bannister identified himself and said he was hog hunting. Busbice noticed Bannister was armed with a "lever action, thirty-thirty on a strap," and was dressed for hunting. Busbice assisted Bannister in getting the three-wheeler out of a ditch. The two departed amicably, but Busbice filed a trespassing report with the Winn Parish Sheriff. The Sheriff lodged a complaint with the Louisiana Department of Wildlife and Fisheries. An agent with that department investigated the report and interviewed Bannister who gave three different versions of the *695 event. At first Bannister denied the event completely. He then claimed that he was on property belonging to his wife or mother. Finally, Bannister admitted to being on Busbice's property but denied possessing a gun, instead claiming that he was carrying a large stick on a rifle strap. Bannister identified the stick but told the agent that the rifle strap was no longer in his possession because somebody had borrowed it from him. Bannister was then charged with three hunting without a license violations. Thereafter, an arrest warrant was issued for Bannister for the present firearm offense because of his prior conviction for sexual battery.

Sufficiency of the Evidence
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
To prove a violation of La. R.S. 14:95.1, the State must show the defendant was in possession of a firearm and is a convicted felon. State v. Johnson, 03-1228 (La.4/14/04), 870 So.2d 995.
After trial, Bannister filed a motion for new trial claiming the evidence was insufficient to convict him of possession of a firearm because the conviction was based solely upon the testimony of Busbice whose testimony was contradicted by equally credible testimony. The trial court denied this motion. On appeal, Bannister re-urges this claim.[1]
Bannister correctly points out that the sole evidence of his possession of a firearm was Busbice's account of the event. At trial, Busbice clearly testified that Bannister admitted to hunting and was armed when Busbice came upon him on his property. While Bannister did not testify at trial, the defense presented the testimony of Bannister's wife, Linda, and Lee Rhodes, a friend of Bannister. Rhodes testified that as he was coming off of his deer stand, Bannister rode by on a four-wheeler, going toward his house which was located approximately four miles from that location. Rhodes saw no gun on Bannister's possession, but noticed that he had a *696 walking stick. Bannister gave Rhodes a ride back to his truck. Rhodes testified he had never seen Bannister with a gun, but had seen him with the stick a couple of times. He also knew that Bannister did not own a three-wheeler.
Linda Bannister testified that her husband owns a four-wheeler but not a three-wheeler. On the day in question, she saw Bannister leave on his four-wheeler before lunch time. He did not have a weapon with him and does not own a rifle. Bannister's wife stated that he does own a six or seven-foot long stick and carries it with him when he rides his four-wheeler. The Bannisters offered to allow the officers to search their home, but they refused.
We are unpersuaded by Bannister's argument. Indeed, the state's only evidence of Bannister's possession of a gun was Busbice's eyewitness account of the fact. However, Bannister's conflicting and inculpatory accounts of the incident admitted facts and circumstances indicating that Bannister was hunting. Bannister's statements also corroborated Busbice's overall testimony. The jury obviously chose to accept Bannister's testimony as true and remained unpersuaded by Linda Bannister's and Rhode's suggestions that Bannister carried a stick. Of course, it is always the function of the jury to assess the credibility of witnesses and resolve conflicting testimony. State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir.1992), writ denied, 617 So.2d 905 (La.1993). Where the trier of fact has made a rational determination, an appellate court should not disturb it. Even in the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient support for the requisite factual conclusion. Id.
Bannister offered no other contrary eyewitness accounts of the encounter between Bannister and Busbice. The jury's decision to believe Busbice is a credibility determination that this court will not disturb. Considering this eyewitness account, the remaining defense testimony proposing that Bannister neither owned a gun nor a three-wheeler was removed in time and place from the actual event and was subject to an assessment of bias by the spouse and the acquaintance. Accordingly, we find the jury's determination to be a rational one, sufficient to prove beyond a reasonable doubt that Bannister possessed a gun.

Other Crimes Evidence
In this case, the state specifically designated a 1991 sexual battery conviction as Bannister's previous felony in the bill of information. During trial, Bannister's parole officer, Kelly Lawrence, testified regarding his knowledge of Bannister's prior conviction for sexual battery. Lawrence testified that Bannister completed his parole for that offense on July 3, 1993. The prosecutor then asked the parole officer why Bannister still remained on parole. Defense counsel objected to the question and, outside the jury's presence, argued that the state was attempting to present other crimes evidence which would prejudice the jury. The court overruled the objection allowing the testimony to continue. The prosecutor then re-urged the question of why Bannister was still on parole and Lawrence answered that Bannister was on parole until December 2008 for another felony offense. The second felony was not specifically identified in the testimony.
On appeal, Bannister takes issue with this exchange arguing that the State failed to give pre-trial notice pursuant to La.C.Cr.P. art. 720 of its intent to utilize this other crimes evidence at trial. Further, Bannister contends that he was prejudiced by the comment which portrayed him to *697 the jury as a bad person who failed to change his life after completion of his parole on the 1991 offense. He argues that such a portrait encouraged the jury to convict him on character evidence alone and to disregard the lack of evidence to convict.
Evidence of other crimes is generally inadmissible in the guilt phase of a criminal trial unless the probative value of the evidence outweighs its prejudicial effect and unless other safeguards are met. La. C.E. art. 404 B; State v. Johnson, 94-1379 (La.11/27/95), 664 So.2d 94. Additionally, the Criminal Code makes direct or indirect remarks of another crime a ground for mistrial, as follows:
Art. 770. Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible.
La.C.Cr.P. art. 770(2).
Defendant's status as a convicted felon is an element of the crime of possession of a handgun by a convicted felon. State v. Taylor, 95-0271 (La.App. 4th Cir.9/28/95), 662 So.2d 69, writ denied, 98-0231 (La.6/19/98), 719 So.2d 479; State v. Batiste, 96-2203 (La.App. 4th Cir.10/22/97), 701 So.2d 729, writ denied, 98-3094 (La.4/23/99), 740 So.2d 648. In cases where the defendant is charged with more than one felony listed in the bill of information as the predicate offenses, the courts have found that evidence of multiple felonies is admissible at trial as proof of an element of La. R.S. 14:95.1. State v. Sanders, 357 So.2d 492 (La.1978); State v. Willis, 36,759 (La.App.2d Cir.4/9/03), 843 So.2d 592; State v. Washington, 00-1542 (La.App. 5th Cir.2/14/01), 782 So.2d 639, writ denied, 01-0940 (La.2/8/02), 807 So.2d 859; State v. Williams, 93-0251 (La.App. 4th Cir.5/26/94), 637 So.2d 1230.
In this case, in consideration of the above authority, the trial court's ruling on the admissibility of Lawrence's testimony allowed improper reference to another crime which was not listed in the bill of information as a predicate offense. It had no admissible relevance as permissible "other crimes" evidence under the Code of Evidence. The ground for mistrial was not urged to the trial court. Nevertheless, it is presented as error in this appeal and, despite the mandatory language of Article 770, is reviewable as a trial error subject to the harmless error analysis according to the ruling in State v. Johnson, supra. This court must therefore decide whether the error was harmless, i.e., whether the verdict actually rendered was surely unattributable to the error. Id.
In State v. Ball, 99-0428 (La.11/30/99), 756 So.2d 275, the Louisiana Supreme Court had occasion to discuss the inherent prejudice to a defendant in cases where a predicate felony is an element of the crime. The court held that the ruling of the United States Supreme Court in Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) to allow the defendant to stipulate to the predicate offense in an attempt to avoid jury prejudice was not based upon federal constitutional principles and inapplicable in Louisiana. The court ruled that the name of the specific felony was required to be proven before the Louisiana jury under our firearm statute and concluded that the state cannot be robbed of the moral force of its case by a generic stipulation of felon status. In *698 reaching this conclusion, the court observed "that any additional prejudice to defendant by proving to the jury the name of the prior conviction is minimal, that is, it is much less damaging than telling the jury the defendant is a prior felon." Id. at 279. (Emphasis supplied).
What the court recognized in Ball was already present in this case before the trial court's error allowing improper reference to the other unidentified felony. The inherent prejudice of the state's evidence that Bannister was a felon for the prior crime of sexual battery was already before the jury as a proper element of proof of the state's case. In other words, similar to the above statement from Ball, any "additional prejudice" by the reference to Bannister's second, unidentified felony in this case was "much less damaging" than what the state had already proven regarding Bannister's felon status from his sexual battery. Recognizing that inherent prejudice and attempting to lessen its force, defense counsel admitted early on to the jury in the opening statement that Bannister was no "choir boy" and "did some bad things." Thus, in measuring for harmless error in this case, it is very significant that prior felon status and its inherent prejudice was necessarily before the jury.
A thorough review of Busbice's testimony reveals that he was not a resident of Winn Parish, but was in the parish attending to some land that he owned. He was not acquainted with Bannister and his initial report to authorities was solely to protect his land from a trespasser engaged in unauthorized hunting, and not to report that the felony in question, unbeknownst to him, had occurred. As indicated above, Busbice's testimony, as the only eyewitness to testify to the jury, was unequivocal in his identification of Bannister and the rifle which he viewed on Bannister's shoulder.
Accordingly, we find the testimony of Busbice presented a strong case of guilt of Bannister's possession of a firearm. That evidence and the inherent prejudice from the state's proof of Bannister's status as a prior felon convinces us that the verdict actually rendered was surely unattributable to the improper reference to the additional felony of the defendant. This assignment of error is without merit.

Excessive Sentence
In his final assignment of error, Bannister complains that the imposed sentence of fifteen years is excessive. Because he did not file a motion to reconsider the sentence, Bannister is relegated to having this court consider a bare claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), *699 769 So.2d 1158; State v. Lingefelt, 38,038 (La.App.2d Cir.1/28/04), 865 So.2d 280.
Possession of a firearm by a convicted felon carries a sentencing range of ten to fifteen years imprisonment at hard labor without benefits. La. R.S. 14:95.1. Thus, Bannister received the maximum sentence of fifteen years at hard labor in addition to a $2,500 fine. Prior to sentencing, the trial court reviewed a pre-sentence investigation report noting Bannister's sixth felony offender record which included aggravated assault, burglary, attempted and simple escape convictions. The court also observed that the underlying sexual battery conviction involved injury to another person. In light of this record, the court determined that Bannister was not a candidate for a minimum sentence. The court also noted that Bannister was in need of correctional treatment and that there was an undue risk that during a suspended sentence, Bannister was likely to commit another crime. The court further stated that any lesser sentence would deprecate the seriousness of the present offense.
On this record, we find no abuse of discretion in the trial court's chosen sentence. A maximum sentence is appropriately tailored to this defendant who has a lengthy criminal record and obviously failed to benefit from prior leniency in sentencing. On these grounds, we affirm Bannister's sentence.
The conviction and sentence are affirmed.
AFFIRMED.
MOORE, J., dissents with written reasons.
MOORE, J., dissenting,
While I agree with the majority opinion that the evidence in this case is sufficient to support the conviction, I cannot accept the majority's analysis that "Bannister's second, unidentified felony in this case was `much less damaging' than what the state had already proven regarding Bannister's felon status from his sexual battery," citing State v. Ball, 99-0428 (La.11/30/99), 756 So.2d 275.[2]
The prosecutor asked questions of the parole officer he knew would elicit the response that defendant was currently on parole for another offense:
Q. (Mr. Lewis) Mr. Lawrence, I believe that we left off with my question of why Mr. Bannister was still on parole. The reason I asked the question is because we don't want to confuse the jury. He is not on parole at the present time because of the sexual battery charge. As you testified, that is already over with? Right?
A. That is correct.
Q. Is what he is on parole for now, a felony offense?
A. Yes.
Q. When does he come off parole for that felony offense?
A. His parole will expire 12/20/2008.
Q. 2008....
The majority agrees that the prosecution unlawfully brought up the second felony not alleged in the bill of information and not necessary to establish an element of its case. The cleansing period had not run on the sexual battery felony. Where we disagree is whether the error in admitting this testimony was harmless.
*700 By suggesting deliberately concise treatment of the additional unnamed offense, the prosecutor implied that much of significance was omitted. Sometimes what is left unspoken can be more damaging that what is spoken. The implications permitted in this case by not speaking the name of the felony are that the defendant is an habitual offender who committed an additional very serious crime, and since his prior felony was a sexual battery, the jury could reasonably speculate that he likely committed another sexual offense. Unlike Ball, supra, the unnamed felony in this instance was much more damaging since the jury had been told that the defendant was a convicted sex offender and he was now on parole and would be for many more years for the unnamed felony.
I cannot say that the verdict actually rendered was surely unattributable to the error. State v. Johnson, 94-1379 (La.11/27/95), 664 So.2d 94.
For this reason, I respectfully dissent.
NOTES
[1] On appeal, Bannister concedes that the state presented sufficient evidence to show he was a convicted felon.
[2] The majority opinion states that in Ball, supra, the Louisiana Supreme Court ruled that the name of the specific felony was required to be proven before the jury under our firearm statute and that the state cannot be robbed of the moral force of its case by a generic stipulation a defendant of his felon status.