892 So.2d 78 (2004)
STATE of Louisiana
v.
Robert E. TAYLOR.
No. 04-KA-689.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 2004.
*80 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, Louisiana.
Jane L. Beebe, Louisiana Appellate Project, Gretna, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS And WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.

STATEMENT OF THE CASE
Defendant, Robert Taylor, was charged in a bill of information on November 7, 2001 with felon in possession of a firearm, in violation of LSA-R.S. 14:95.1, and possession of a stolen thing valued over $500, in violation of LSA-R.S. 14:69. He pled not guilty and filed several pre-trial motions. On the morning of trial, the State dismissed count two, possession of a stolen thing, and amended count one to allege the predicate offense to be a conviction for possession of cocaine as opposed to a conviction for illegal use of a weapon. The matter proceeded to trial, and a jury found defendant guilty as charged of felon in possession of a firearm, by a count of 11 to 1. Defendant was sentenced to 15 years of imprisonment at hard labor without the benefit of parole, probation or suspension of sentence.
On appeal, defendant seeks review of his sentence as excessive.[1]

FACTS
On July 31, 2000, Officer Douglas Zemlik conducted a traffic stop of a Mitsubishi Montero, driven by defendant, for illegal window tint. Defendant did not have a driver's license and was unable to produce proof of registration or insurance. The vehicle had a temporary license plate and defendant advised that he did not know to whom the vehicle belonged. Officer Zemlik ran the vehicle identification number (VIN) through the computer and discovered the vehicle was reported stolen out of Alabama. Defendant was subsequently arrested. Officer Zemlik returned to the vehicle and observed a handgun in plain view between the driver's seat and the center console.
At trial, the defendant testified that he borrowed the car from Melissa Bonnet, his wife's friend, but he did not know there was a gun in the car. The defendant's wife, Lyntrell Taylor, testified at trial that the handgun belonged to her and she left it in the car after she and Melissa Bonnet went shopping at the mall.

DISCUSSION
In his sole assignment of error, defendant argues that his fifteen-year sentence, which is the maximum sentence he could have received, is excessive. He contends the trial court failed to consider mitigating circumstances under LSA-C.Cr.P. art. 894.1 in imposing the maximum sentence. Defendant notes that he is married with two children and was starting *81 a barbershop business at the time of the incident. He alleges the State's case against him was weak because the State never countered the fact that the gun was legally registered to his wife and that he was only imputed with knowledge and possession of the gun because it was simply in the vehicle he was driving. He further maintains he was polite to and cooperative with the police. He asserts these factors demonstrate he did not deserve the maximum sentence.
After sentence was imposed, defendant made an oral motion for reconsideration of sentence but did not state the grounds upon which it was based. The trial court denied the motion. No written motion was filed.
LSA-C.Cr.P. art. 881.1 requires that a motion for reconsideration of sentence be made orally at the time of sentencing, or in writing, and that it set forth the specific ground on which the motion is based. The failure to object to a sentence or comply with LSA-C.Cr.P. art. 881.1 limits a defendant to a bare review of the sentence for constitutional excessiveness. State v. Brown, 03-581 (La.App. 5 Cir. 11/12/03), 861 So.2d 644, 653, writs denied, 03-3407 (La.4/2/04), 869 So.2d 875, and 04-0049 (La.4/2/04), 869 So.2d 877.
Defendant was convicted of felon in possession of a firearm and faced a sentencing range of ten to fifteen years without the benefit of parole, probation or suspension of sentence. LSA-R.S. 14:95.1. He received the maximum fifteen-year sentence.
Both the United States and the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. U.S. Const. amend. VIII; La. Const. of 1974, art. I, § 20. A sentence is constitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839. In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing sentence. State v. Brown, 99-172 (La.App. 5 Cir. 9/28/99), 742 So.2d 1051, 1056, writ denied, 99-3148 (La.4/20/00), 760 So.2d 340.
Generally, the maximum sentences are reserved for cases involving the most serious violations of the offense charged and the worst type of offender. State v. Rhea, 03-1273 (La.App. 5 Cir. 2/23/04), 868 So.2d 863, 870. However, trial judges are granted great discretion in imposing sentences and a sentence will not be set aside as excessive absent clear abuse of that broad discretion. State v. Bacuzzi, 97-573 (La.App. 5 Cir. 1/27/98), 708 So.2d 1065, 1068-1069. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. State v. Watts, 99-311 (La.App. 5 Cir. 8/31/99), 746 So.2d 58, 64, writ denied, 99-2733 (La.3/24/00), 758 So.2d 145. In reviewing a trial court's sentencing discretion, three factors are considered: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. Id.
In the present case, defendant testified at trial. He admitted that at the time of his arrest, he was on probation. On cross-examination, it was established that defendant had prior convictions including several convictions for possession of cocaine, one *82 for possession of marijuana, and one for possession of drugs in jail, as well as an arrest for illegal discharge of a firearm.
Other cases have upheld the maximum sentence for felon in possession of a firearm where the defendant has prior convictions. In State v. Bannister, 38,967 (La.App. 2 Cir. 9/22/04), 882 So.2d 693, the Second Circuit did not find defendant's fifteen-year sentence for felon in possession of a firearm to be excessive. The court noted defendant's pre-sentence investigation report revealed he had six prior felony convictions. Also, in State v. Willis, 36,759 (La.App. 2 Cir. 4/9/03), 843 So.2d 592, 600, the Second Circuit did not find a 15-year maximum sentence for a felon in possession of a firearm to be excessive. In Willis, the court noted defendant had many prior arrests and convictions involving substance abuse, use of dangerous weapons and crimes of violence. Furthermore, in State v. Crawford, 03-1494 (La.App. 5 Cir. 4/27/04), 873 So.2d 768, this Court upheld defendant's maximum fifteen-year sentence for felon in possession of a firearm. This Court noted defendant had previous convictions for violent offenses and had recidivism tendencies.
In the present case, defendant was stopped while driving a stolen vehicle at which time a handgun was discovered between the driver's seat and center console. He was unable to produce a driver's license. The record reveals he had numerous felony convictions including drug possession, one possession which occurred while he was in custody, and an arrest for illegal use of a weapon. Based on the record and the jurisprudence, we find that the trial court did not abuse its discretion in imposing the maximum fifteen-year sentence on defendant. Accordingly, this assignment of error is without merit.

ERRORS PATENT
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review revealed one patent error that requires corrective action.
The defendant was not advised of the prescriptive period for post-conviction relief in accordance with LSA-C.Cr.P. art. 930.8. Accordingly, it is recommended that the trial court be instructed to inform defendant of the two-year prescriptive period by sending written notice to defendant within ten days after the rendition of the appellate opinion and to file written proof in the record that defendant received said notice. State v. Cordero, 99-44 (La.App. 5 Cir. 6/1/99), 738 So.2d 84, 93, writs denied, 99-1877 and 99-1878 (La.11/24/99), 750 So.2d 981.

DECREE
For the reasons set forth above, we affirm the defendant's conviction and sentence. However, we remand the case and order the trial court to inform defendant of the two-year prescriptive period by sending him written notice within ten days after the rendition of this opinion and to file written proof in the record that defendant received said notice.
AFFIRMED;
REMANDED WITH INSTRUCTIONS.
NOTES
[1] This is defendant's second appeal. His first appeal was dismissed after this Court found it was untimely filed. In dismissing defendant's appeal, this Court noted that defendant could have his appeal rights reinstated by filing an application for post-conviction relief. This Court specifically remanded the matter to afford defendant that opportunity. State v. Taylor, 03-127 (La.App. 5 Cir. 5/28/03), 848 So.2d 141, 143. Thereafter, on May 24, 2004, defendant filed a pro se application for post-conviction relief seeking an out-of-time appeal, which was granted on May 26, 2004.