EDWIN A. LOMBARD, Judge.
 

 LThe defendant, Rayard Bell, appeals the denial of his motion to reconsider sentence. After review of the record in light of the applicable law and arguments of the parties, the judgment of the trial court is affirmed.
 

 Relevant Facts and Procedural History
 

 The defendant was convicted of being a felon in possession of a firearm in violation of La. Rev.Stat. 14:95.1 and, on March 31, the assigned sentencing date, the trial judge court took testimony from defendant’s mental health case worker and ordered a pre-sentence investigation. On September 12, 2008, the defendant was sentenced to serve fifteen years at hard labor with the Department of Corrections. The defendant’s motion for reconsideration of sentence was denied by the trial court.
 

 Discussion
 

 In his sole assignment of error on appeal, the defendant argues that he was subjected to an unreasonable sentence due to improper content in the presentence report. Specifically, he claims that the contents of the presentence report was unduly prejudicial, result in an unusually harsh sentence, and that he was denied an opportunity to properly confront William Purcell, his probation officer and | ¡>preparer of the presentence report. He further argues that the probation officer supplemented the presentence report with personal testimony assailing the defendant, and refers to the following passage from the report to support this assertion:
 

 This agent supervised Rayard Bell during his parole and probation tenure prior to his arrest. He was honest about his prior firearms arrest, and admitted to me that he had a shotgun in his possession and used cocaine. Mr. Bell was seen at his residence monthly and originally slept in the front living room on an air mattress. During a home visit on April 5, 2007, Mr. Bell informed this agent that he had moved to the back bedroom. He was arrested a little over two weeks later for the instant offense and additional weapons and ammo clips were found in the back bedroom. The subject never stated to this officer that his nephew, Andre Bell, a convicted felon and on active probation at the time, was also living at the residence.
 

 The defendant asserts that the testimony of the probation officer was presented in manner that did not afford him an opportunity to confront the probation officer. The record reflects, however, that contrary to the defendant’s argument, the probation officer was presented by the State as its first -witness in the defendant’s trial. Accordingly, there is no merit to the defendant’s claim that he was denied an opportunity to counter the “personal testimony” of the probation officer.
 

 The Code of Criminal Procedure sets forth the factors which must be considered by the trial court in imposing sentence. La.Code Crim. Proc. art. 894.1, Section C states:
 

 The court shall state for the record the considerations taken into account and the factual basis therefore in imposing sentence.
 

 Articulation of the factual basis for a sentence is the goal of La.Code Crim. Proc. art. 894.1, not rigid or mechanical compliance with its provisions and, | ^accordingly, the trial judge is not required to list every aggravating or mitigat
 
 *984
 
 ing circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 See State v. Lanclos,
 
 419 So.2d 475, 478 (La.1982) (where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.Code Crim. Proc. art. 894.1);
 
 State v. Davis,
 
 448 So.2d 645, 653 (La.1984) (the trial court need not recite the entire checklist of article 894.1, but the record must reflect that it adequately considered the guidelines). In this case, the trial judge discussed in great detail the factors he considered and the reasoning by which he arrived at his sentencing decision in a ten-page colloquy. In so doing, the court adequately complied with Article 894.1.
 

 The defendant also argues that his sentence is excessive, citing Article I, Section 20 of the Louisiana Constitution which prohibits excessive punishment:
 

 Even a sentence which is within the statutory limits may violate a defendant’s constitutional right against excessive punishment if it is “grossly out of proportion to the severity of the crime” or is “nothing more than the purposeless imposition of pain and suffering”
 

 Historically, trial courts have been granted wide discretion in sentencing, absent a definitive showing that the court has abused that discretion.
 
 See State v. Louis,
 
 496 So.2d 563, 568 (La.App. 1 Cir.1986) (the trial court has wide discretion in the imposition of sentences and a sentence within statutory limits will not be set aside in the absence of an abuse of discretion). “Generally, the reviewing court must determine whether the trial judge adequately complied with the guidelines set forth in La.Code Crim. Proc. art 894.1 and whether the sentence is warranted in light of the particular circumstances of the case.”
 
 State v. Pleasant,
 
 99-2349, p. 13 (La.App. 4 Cir. 11/8/00), 772 So.2d 910, 917. Because a sentence could be ^excessive even though it falls within the statutory limit, the trial court’s statements regarding the factors considered under Article 894.1 of the Code of Criminal Procedure are an important aid in reviewing an alleged excessive sentence.
 
 State v. Trepagnier,
 
 97-2427, p. 11 (La.App. 4 Cir. 9/15/99), 744 So.2d 181, 189 (citation omitted). Once adequate compliance with Article 894.1 is found, the reviewing court must determine “whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged.”
 
 State v. Ross,
 
 98-0283, p. 8 (La.App. 4 Cir. 9/8/99), 743 So.2d 757, 762.
 

 In this case, we do not find that the defendant’s fifteen year sentence is excessive.
 
 See State v. Taylor,
 
 04-689, p. 6 (La.App. 5 Cir. 12/14/04), 892 So.2d 78 (upholding fifteen-year sentence for defendant who was stopped while driving a stolen vehicle in which a handgun was discovered between the driver’s seat and center console; the defendant’s record revealed numerous felony convictions including drug possession, one possession which occurred while he was in custody, and an arrest for illegal use of a weapon);
 
 see also State v. Crawford,
 
 03-1494 (La.App. 5 Cir. 4/27/04), 873 So.2d 768 (defendant’s maximum fifteen-year sentence for felon in possession of a firearm upheld, noting defendant’s previous convictions for violent offenses and recidivism tendencies);
 
 State v. Bannister,
 
 38,967, p. 10 (La.App. 2 Cir. 9/22/04), 882 So.2d 693;
 
 State v. Bannister,
 
 38,967, p. 10 (La.App. 2 Cir. 9/22/04), 882 So.2d 693 (upholding fifteen-year sentence for a felon in possession of a firearm where the defendant has prior convictions, noting that the defendant’s presentence
 
 *985
 
 report revealed he had six prior felony convictions);
 
 State v. Willis,
 
 36,759, p. 2 (La.App. 2 Cir. 4/9/03), 843 So.2d 592, 600 (fifteen-year maximum sentence for a felon in possession of a firearm not excessive, noting that defendant had many prior arrests and convictions involving substance abuse, use of dangerous weapons and crimes of violence).
 

 The trial judge in this case noted in mitigation the portion of the presentence report referencing the positive comments by Ms. Janice Bolin, the defendant’s mental health counselor. The probation officer interviewed her as part of his presentence investigation and devoted a paragraph in his report to her statement:
 

 “Ms. Janice Bolin was interviewed on April 4, 2008. She is a mental health counselor with the Mental Health Court, which is currently held in Section “K” of Orleans Parish Criminal District Court. She stated that Mr. Bell was very stable prior to his arrest. She believed that the police officers gave false testimony during the subject’s trial and believes that the Rayard Bell is innocent.”
 

 The trial judge also noted for the record his awareness of a letter, purportedly mailed by the defendant’s younger relative, in which the relative accepts responsibility for and ownership of the weapons found on the night in question. The trial judge held, however, that such an admission alone would not clear the defendant because they could have shared control of the weapons. The trial judge took notice of the number of weapons involved in the incident and the defendant’s prior convictions for simple burglary and aggravated burglary. The trial judge also referred to the presence of a small child in the residence, calling the situation “grossly negligent, gross negligence at a bare minimum.” Further, the trial judge noted that the defendant’s record covered over thirty years:
 

 Thirty years of the New Orleans Police arresting you, bringing you to jail, having you released. Their frustration, I can only begin to imagine it. Thirty years Mr. Bell has been placed in and out of the jails of this city and this state. Thirty years. Thirty years.
 

 Accordingly, the trial judge heard both mitigating and aggravating evidence concerning the defendant and adequately enunciated his reasons for the sentence | (¡imposed. Thus, we find that the trial judge adequately complied with Article 894.1 and that the sentence is not disproportionate.
 

 Conclusion
 

 In accordance with the foregoing reasons, the defendant’s conviction and sentence are affirmed.
 

 AFFIRMED.