NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-269

STATE OF LOUISIANA

VERSUS

DETRON DEVON LAMBERT

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 92630
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
CHIEF JUDGE

**********

Court composed of Elizabeth A. Pickett, Candyce G. Perret, and Sharon Darville Wilson, Judges.

AFFIRMED IN PART, VACATED IN PART,
AND REMANDED WITH INSTRUCTIONS.

Peggy J. Sullivan
Louisiana Appellate Project
P. O. Box 1481
Monroe, LA 71210
(318) 855-6038
COUNSEL FOR DEFENDANT-APPELLANT:
    Detron D. Lambert

**Donald Dale Landry**
**District Attorney, Fifteenth Judicial District**
**Elliot C. Cassidy**
**Assistant District Attorney**
**P.O. Box 288**
**Crowley, LA 70526**
**(337) 788-8831**
**COUNSEL FOR PLAINTIFF:**
     **State of Louisiana**

**PICKETT, Chief Judge.**

## FACTS

On November 3, 2020, while on patrol for narcotic offenses, Detective Kade Patin pulled over the defendant, Detron Devon Lambert, because the windows of his car were too darkly tinted. As he approached the defendant's opened driver side window, Detective Patin smelled marijuana, and so he asked the defendant to go to the rear of his vehicle. Detective Patin's partner, Detective Leleux, arrived on the scene. He began to search the defendant's vehicle. While Detective Leleux searched the vehicle, Detective Patin asked the defendant if there was anything in the car he would like to tell him about which Detective Leleux was going to find. The defendant stated that under his seat was a firearm. The gun was found. The detectives did not find any marijuana. Knowing the defendant was not legally permitted to carry a firearm, Detective Patin arrested and searched him, and found $255 in cash, a bag of suspected methamphetamine, and a bag of suspected crack cocaine. When asked if he was smoking crack, the defendant stated he was selling it. The gun was found to be stolen from Church Point.

On December 9, 2020, the state, by bill of information, charged the defendant with the following: (1) possession of cocaine, a violation of La.R.S. 40:967; (2) possession of methamphetamine, a violation of La.R.S. 40:967; (3) monies derived from drug transaction, a violation of La.R.S. 40:1041(D); (4) illegal possession of a stolen firearm, a violation of La.R.S. 14:69.1; and (5) possession of a firearm by a convicted felon, a violation of La.R.S.14:91.1.

The defendant pled not guilty to each count on December 18, 2020. His trial began on February 1, 2022, concluding the following day with the jury returning a verdict of guilty on all counts.

During the defendant's sentencing hearing on May 12, 2022, the trial court imposed the following sentences. The defendant received one year for the possession of cocaine and one year for the possession of methamphetamine (counts 1 and 2), which were to run concurrently with each other. He received one year for monies derived from drug proceeds (count 3), which was to run concurrently with counts 4 and 5. For illegal possession of a stolen firearm (count 4), the defendant received five years at hard labor, which was to run consecutively with count 5. Lastly, for a felon in possession of a firearm (count 5), the court imposed twenty years at hard labor, without benefit of parole, probation, or suspension of sentence.

On June 8, 2022, the defendant filed a motion to reconsider sentence alleging that the twenty-five-year sentence was excessive and that the trial court failed to adequately consider the mitigating factors. We assume the defendant's reference to the twenty-five-year sentence was to the combined sentences of twenty years (felon in possession of a firearm) and five years (illegal possession of a stolen firearm), as the trial court ordered those sentences to run consecutively.

On July 28, 2022, the trial court denied the defendant's motion to reconsider sentence after hearing oral arguments. The present appeal asserts that the defendant's twenty-year sentence for a felon in possession of a firearm was excessive under the facts and circumstances of this case. Furthermore, the trial court failed to state a basis for the imposition of consecutive sentences for the possession of a stolen firearm and a felon in possession of a firearm.

For the reasons that follow, we find the sentences imposed for counts one, two, three, and four (possession of cocaine, possession of methamphetamine, monies derived from drug proceeds, and possession of a stolen firearm) must be vacated as indeterminate and remanded for resentencing. On remand, the trial

court is instructed to impose a sentence for both possession of cocaine and possession of methamphetamine. Further, we affirm the twenty-year sentence for count five (possession of a firearm by a convicted felon).

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are two errors patent involving the bill of information. There are also several errors patent involving the sentences imposed.

The first error patent involves the sentences imposed for counts one, two, three, and four (possession of cocaine, possession of methamphetamine, monies derived from drug proceeds, and possession of a stolen firearm). The trial court failed to specify whether any of these sentences were to be served with or without hard labor.[1] The penalty provisions for each of these offenses call for a sentence with or without hard labor. La.R.S. 14:69.1(B), La.R.S. 40:1041(E), and La.R.S. 40:967(C). Thus, the trial court's failure to specify whether the sentences were to be served with or without hard labor renders the sentences indeterminate, requiring the sentences be vacated and the case remanded for resentencing. *State v. Ervin*, 17-18 (La.App. 3 Cir. 12/13/17), 258 So.3d 677. Upon remand, the trial court is instructed to specify whether the sentences imposed for counts one, two, three, and four are to be served with or without hard labor.

Finally, we note that when imposing the sentences for counts one and two (possession of cocaine and possession of methamphetamine), the trial court

_____

[1]The minutes of sentencing indicate these sentences were imposed at hard labor. In the event of a conflict, the sentencing transcript prevails. *State v. Williams*, 15-498 (La.App. 3 Cir. 12/9/15), 181 So.3d 857, *writ denied*, 16-26 (La. 1/13/17), 215 So.3d 242.

referred to them both as the "possession of cocaine charges." In fact, the Uniform Commitment Order lists both counts one and two as possession of cocaine. Since the penalty range is the same for both possession of cocaine and possession of methamphetamine, the misstatement did not prejudice the defendant. Upon remand, however, the trial court should impose a sentence for both possession of cocaine and possession of methamphetamine.

## ASSIGNMENT OF ERROR

The maximum sentence of twenty years at hard labor, to be served without benefit of probation, parole, or suspension of sentence, for the charge of felon in possession of a firearm, was excessive under the facts and circumstances of this case. In addition, the trial court failed to state a basis for the imposition of consecutive sentences for the offenses of possession of a firearm by a convicted felon and the illegal possession of a stolen firearm.

## DISCUSSION

As we have determined that the sentences for counts one through four must be vacated, we will only address the defendant's twenty-year sentence for possession of a firearm by a convicted felon. It was imposed according to the sentencing range established by La.R.S.14:95.1(B), the range being not less than five, nor more than twenty years at hard labor, served without benefit of parole, probation, or suspension of sentence. The defendant therefore received the maximum sentence.

It is the defendant's contention that the trial court failed to particularize its sentence to him, because it failed to adequately consider the factors set forth in La.Code Crim.P. art. 894, and it gave no explanation why the defendant deserved the maximum sentence other than saying, "I think [it] is a very serious charge." This was not a violent crime, the defendant argues. It was a crime involving no victim. The defendant did not threaten, nor did he harm anyone. After being asked

4

what could be found during a search, he immediately informed the officer of the presence of the gun and of its location. The defendant cooperated fully, and, to mitigate his offenses, he expressed his intention to cooperate on other investigations. Therefore, the defendant concludes, he is far from the worst of offenders and his offense is far from the worst of offenses, so the maximum sentence is excessive.

Additionally, the defendant argues the trial court did not provide a basis for imposing his five-year sentence for possession of a stolen firearm with the mandate that it is to run consecutively with his twenty-year sentence for felon in possession of a firearm. As we have vacated the sentence for count four, we pretermit discussion of whether the trial court complied with the La.Code Crim.P. art. 883 as moot.

*Applicable Legal Principles*

Louisiana courts have laid out the following guidelines regarding excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
> > La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v.*

5

> *Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d
> 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067.
> The relevant question is whether the trial court abused its
> broad sentencing discretion, not whether another
> sentence might have been more appropriate. *State v.
> Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert.
> denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539
> (1996).
>
> Further, in reviewing the defendant's sentences, the appellate
> court should consider the nature of the crime, the nature and
> background of the offender, and the sentences imposed for similar
> crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d
> 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-
> 433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4
> (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562
> (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:
>
> > While a comparison of sentences imposed for similar
> > crimes may provide some insight, "it is well settled that
> > sentences must be individualized to the particular
> > offender and to the particular offense committed." *State
> > v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991).
> > Additionally, it is within the purview of the trial court to
> > particularize the sentence because the trial judge
> > "remains in the best position to assess the aggravating
> > and mitigating circumstances presented by each case."
> > *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957,
> > 958.

*State v. Soileau*, 13-770, pp. 4–5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005–

06 (alteration in original), *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

Regarding how the trial court must go about particularizing a sentence, this

court in *State v. Decuir*, 10-1112, pp. 2–3 (La.App. 3 Cir. 4/6/11), 61 So.3d 782,

785–86 (alterations in original), stated:

> Louisiana Code of Criminal Procedure Article 894.1 contains a
> series of factors to be considered by the trial court in sentencing a
> defendant. In considering these sentencing guidelines, the trial court
> must "state for the record the considerations taken into account and
> the factual basis therefor in imposing sentence." La.Code Crim.P. art.
> 894.1(C). However, to comply with La.Code Crim.P. art. 894.1(C),
> the trial court "need not articulate every circumstance or read through
> a checklist of items." *State v. Anderson,* 95-1688, p. 4 (La.App. 3 Cir.
> 5/8/96), 677 So.2d 480, 483. Still, the record should establish that the

trial court adequately considered the codal guidelines in particularizing a defendant's sentence. *Id.* That is to say, "the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1." *State v. Ellis,* 42,520, p. 23 (La.App. 2 Cir. 9/26/07), 966 So.2d 139, 152, *writ denied,* 07-2190 (La.4/4/08), 978 So.2d 325.

> The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith,* 433 So.2d 688 (La.1983); *State v. Dallas,* 36,397 (La.App.2d Cir.11/6/02), 830 So.2d 1113. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. *State v. Jones,* 398 So.2d 1049 (La.1981); *State v. Strange,* 28,466 (La.App.2d Cir. 6/26/96), 677 So.2d 587; *State v. Hudgins,* [519 So.2d 400 (La.App. 2d Cir.1988), *writ denied,* 521 So.2d 1143 (1988)].

*State v. Scott,* 36,763, p. 3 (La.App. 2 Cir. 1/29/03), 836 So.2d 1180, 1182. However, "[t]here is no requirement that specific matters be given any particular weight at sentencing." *Ellis,* 966 So.2d at 153.

Despite the mandates of La.Code Crim.P. art. 894.1, our courts have held that:

> [F]ailure to comply with article 894.1 does not automatically render a sentence invalid. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with La.C.Cr.P. art. 894.1. *State v. Delaughter,* 29,974 (La.App.2d Cir.12/10/97), 703 So.2d 1364, *writ denied,* 98-0018 (La.5/1/98), 805 So.2d 201, 1998 WL 234691. The question is whether the record presented is sufficient to demonstrate that the trial court did not abuse its discretion. *State v. Davis,* 448 So.2d 645 (La.1984).

*State v. Smith,* 34,325, p. 2 (La.App. 2 Cir. 12/20/00), 775 So.2d 640, 642. Sentences also will not be overturned for failure to comply with statutory guidelines where the sentencing court implicitly considered the factors set forth in La.Code Crim.P. art. 894.1. *State v.*

*Thibodeaux,* 502 So.2d 296, 298 (La.App. 3 Cir.), *writ denied,* 505 So.2d 1140 (La.1987).

As it imposed the defendant's sentences, the court said the following:

> All right. And according to the PSI, Mr. Lambert's date of birth is March 16, 1994, he's classified as a third felon offender. It's quite a lengthy criminal history. Possession of cocaine is with or without hard labor for not less than one year, nor more than five; possession of cocaine with aggregate weight of less than two grams is not less than two years – not more than two years, I'm sorry. And then for transactions involving drug proceeds it's ten years with or without hard labor. And for possession of a stolen firearm, it's not less than one year nor more than five. And for the felon in possession of a firearm it's with or without hard labor for not less than five years nor more than twenty.

> So, we're going to start off with the 14:95.1(B), which is possession of a firearm by a convicted felon, which I think is a very serious charge. And so, I'm going to give you the twenty years hard labor without benefit of parole, probation or suspension of sentence on that charge.

> In regards to the stolen firearm I'm going to give you five years consecutive to the twenty years.

> In regards to the drug proceeds it will be one year concurrent.

> In regards to the possession of cocaine charges it will be one year concurrent for each of those two.

> So, it will be twenty-five years, twenty years plus the five years consecutive, plus those three one year concurrent sentences.

The court then notified the defendant that he had two years to file for post-conviction relief and put the PSI in the record under seal.

From this, the record in this case does not show the court adequately considered the guidelines of La.Code Crim.P. art. 894.1. Consequently, it did not particularize the defendant's sentence.

Opposing this view, the state argues that the trial court not only considered the defendant's personal history, prior criminal record, likelihood of rehabilitation, and the seriousness of the offense, but was also uniquely informed about the facts

and circumstances of the defendant. In 2016, the trial court had presided over the defendant's plea and sentencing for offenses similar in nature to the instant case. That prior encounter, coupled with the information contained within the PSI it referenced, demonstrates that the court adequately considered the factors of article 894.1. While that may be so, the record before us is limited to the court's brief remarks at sentencing.

Of the important elements listed above—the defendant's age, family ties, marital status, health, employment record, prior criminal record, seriousness of offense, and likelihood of rehabilitation—the court articulated only one which illustrated the defendant's particularity: the defendant's prior criminal record, a third felony offender with a lengthy criminal history. In contrast, when the court spoke of the severity of possessing a firearm as a convicted felon, it did not illustrate this by articulating facts peculiar to the defendant, nor was there any mention regarding there being no victim, that the crime was without violence or threat of violence, or that he offered to cooperate with the authorities. There was only the court's categorical view that the offense was very serious. The likelihood of the defendant's rehabilitation was also not mentioned. And, except for his birthday, the court did not appear to consider, either expressly or implicitly, the defendant's personal history. If it did consider whether the defendant had a family or was married, whether he had steady work, or whether he was healthy in body and mind, the court did not articulate it.

Again, the trial court is in the best position to assess the mitigating and aggravating factors peculiar to the case before it. *Cook*, 674 So.2d 957. Wide discretion is integral to that position, and therefore deference. The court here,

however, articulated too few facts. There was little indication that it had considered the circumstances unique to the defendant's case.

Because the trial court did not articulate the factual basis for the sentence imposed, we find that the court failed to comply with article 894.1.

Nevertheless, if the record clearly shows an adequate factual basis for the sentence imposed—even where there has not been full compliance with article 894.1—remand may be unnecessary. *State v. Guidry*, 19-790 (La.App. 3 Cir. 10/28/20), 305 So.3d 127, *writ denied*, 21-90 (La. 4/12/21), 313 So.3d 1251. Additionally, La.Code Crim.P. art. 881.4(D) states, "The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed."

In *Decuir*, 61 So.3d at 785 (quoting *State v. Smith*, 34,325, p. 2 (La. App. 2 Cir. 12/20/00), 775 So.2d 640, 642), this court stated, "The question is whether the record presented is sufficient to demonstrate that the trial court did not abuse its discretion. *State v. Davis*, 448 So.2d 645 (La. 1984)." We will first address the parts of the record which explain the nature of the defendant's crime, that is, the seriousness of the offense, and then those which illustrate his nature and background.

The defendant was arrested after being pulled over by Detective Patin. Initially, the detective pulled him over because his car windows were quite darkly tinted. It was only after the defendant had opened his window that Detective Patin smelled marijuana. Not much later, Detective Leleux arrived on the scene and began searching the defendant's vehicle. Detective Patin asked the defendant, "Is there anything inside the vehicle that he's going to find that you want to let me know about right now?" The defendant answered there was a gun under his seat. It

10

was a black Taurus PTIII Pro 9mm handgun, serial number TCU71535. The Church Point Police Department later confirmed the handgun was stolen. Additionally, the defendant possessed two Schedule II substances: methamphetamine (3.6 grams) and cocaine base (0.37 grams). Two-hundred and fifty-five dollars was also confiscated. "You got me," said the defendant, as he was being driven to the police station. "But I can work this off." He said this without any provocation.

According to the PSI, the defendant was from Crowley, Louisiana. He was twenty-eight years old, the older of two children born from the non-legal union of his parents. The defendant stated that he was raised by his grandparents. He had four half siblings. He was never married but has had seven children with four separate women.

He had roughly an eighth-grade education. He never held a job. Other than a problem with his wrist, he was in good physical health. He stated he had been diagnosed with attention deficit hyperactivity disorder (ADHD) as a juvenile for which he no longer takes medication. The defendant admitted to using marijuana and methamphetamines and stated that he would benefit from substance abuse treatment.

Regarding the defendant's criminal background, the PSI states that he was a third felony offender. He had a juvenile record. In 2015, the defendant pled no contest to simple battery. As mentioned above, in 2016 he pled guilty to distribution of cocaine (his first felony), receiving fifteen years at hard labor; all but five years were suspended, and he had four years supervised probation which was later revoked in 2017. In 2018, he pled no contest to domestic abuse battery, receiving six months in jail. That same year, he pled guilty to second degree

battery (second felony) and received two years at hard labor. For his third felony conviction, the one presently under review, the defendant was convicted by a jury.

The sentence under review is a maximum sentence, and generally maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Telsee*, 425 So.2d 1251 (La.1983). The question is not whether there was a more appropriate sentence but whether the trial court abused its discretion. *Cook*, 674 So.2d 957. To answer the question, this court must consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *Soileau*, 153 So.3d 1002 (citing *Lisotta*, 726 So.2d 57).

Since the defendant's nature and background and the nature of his crime has already been noted, we look to the sentences imposed for similar crimes.

In *State v. Tucker*, 22-735 (La.App. 3 Cir. 5/31/23), 368 So.3d 187, this court affirmed a twenty-year sentence for possession of a firearm by a convicted felon, where the defendant—a fourth felony offender—had previously been convicted of the violent crime of armed robbery. This court noted that the sixty-three year old defendant had been a lifelong criminal who began to commit crimes when he was nineteen. Twice he had been on parole, and twice had committed crimes before his parole was completed. At the moment of his arrest, he possessed a gun, a knife, and a taser. *Id.*

When affirming the defendant's sentence, this court in *Tucker* referenced similar cases discussed in *State v. Charles*, 20-498 (La.App. 3 Cir. 5/5/21), 318 So.3d 356. In *Charles*, this court affirmed a maximum penalty for a defendant who was a five-time felony offender, whose previous convictions included possession of a firearm by a convicted felon and possession of cocaine. *Id.* During his arrest,

12

the defendant exhibited bizarre behavior. He told the officers that if they were going to take him to jail, they were going to take him to jail naked, and then he attempted to remove his clothes. The officers handcuffed him as he was removing his pants. Searching him, they found in his jacket a .38 revolver with two spent casings and a live round in the chamber. The defendant, however, never brandished his weapon in front of the police. *Id*. These were the cases this court discussed in *Tucker*:

> In *State v. Jones*, 01-539 (La.App. 3 Cir. 10/31/01), 799 So.2d 772, *writ denied*, 01-3310 (La. 12/13/02), 831 So.2d 975, the defendant argued his maximum sentence for possession of a firearm by a felon, fifteen years at hard labor without benefit of probation, parole, or suspension of sentence, the maximum sentence at that time, and the minimum fine of $1,000.00, was excessive. The trial court noted defendant had seven previous convictions, five of which were felonies; found there was an undue risk of defendant committing a crime if not incarcerated; noted the defendant had no remorse; and that a lesser sentence would deprecate the seriousness of the crime. This court found no error in the sentence, considering defendant's five prior felony convictions and the nature of his latest conviction.
>
> In *State v. Caffrey*, 08-717 (La.App. 5 Cir. 5/12/09), 15 So.3d 198, *writ denied*, 09-1305 (La. 2/5/10), 27 So.3d 297, the defendant was sentenced to fifteen years at hard labor without the benefit of parole, probation, or suspension of sentence, the maximum sentence at that time, for possessing a firearm as a convicted felon. The defendant argued that he was not the worst type of offender and that he only had one prior conviction for possession of cocaine. In denying reconsideration of the sentence, the trial court noted the gun in question was fully loaded, defendant had a "less than cooperative attitude" throughout trial and sentencing, and defendant was "less than remorseful with regard to his actions." *Id.* at 204. The fifth circuit found that the sentence was not constitutionally excessive, taking into account the defendant's prior conviction for possession of cocaine and his guilty pleas to possession of cocaine and possession of marijuana on the same date that he pled guilty to being a felon in possession of a firearm.
>
> In *State v. Warmack*, 07-311 (La.App. 5 Cir. 11/27/07), 973 So.2d 104, the fifth circuit upheld a fifteen-year sentence, again the maximum sentence at that time, for the defendant's possession of a firearm by a convicted felon. The defendant had three prior

convictions for various drug offenses. Additionally, the defendant ran from the police, and the gun he possessed was fully loaded.

In *State v. Contreras*, 17-735 (La.App. 4 Cir. 5/30/18), 247 So.3d 858, *writ denied*, 18-1172 (La. 12/17/18), 259 So.3d 341, the defendant received a twenty-year sentence without benefit of probation, parole, or suspension of sentence, plus a $1,000.00 fine for possession of a firearm by a convicted felon. The defendant claimed the sentence was excessive. In a footnote, the fourth circuit stated:

> Because the statutory maximum changed in 2011 from fifteen years to twenty years, there is a lack of jurisprudence where the defendant was sentenced to the maximum of twenty years but considerable case law [exists] upholding the maximum sentence of fifteen years for felon in possession of a firearm where the defendant has prior convictions. *See State v. Crawford*, 03-1494 (La. App. 5 Cir. 4/27/04), 873 So.2d 768 (the defendant had previous convictions for crimes of violence and a propensity for recidivism, and thus the trial judge did not abuse his discretion in imposing the maximum sentence on the defendant); *State v. Taylor*, 2004-689 (La. App. 5 Cir. 12/14/04), 892 So.2d 78 (the defendant had numerous felony convictions and the trial court did not abuse its discretion in imposing the maximum fifteen-year sentence).

*Id.* at 872 n.6. The fourth circuit concluded that this defendant's maximum sentence was not excessive.

In *State v. Abram*, 32,627 (La.App. 2 Cir. 10/27/99), 743 So.2d 895, 903, *writ denied*, 00-121 (La. 9/29/00), 769 So.2d 549, the defendant received a fifteen-year sentence, the maximum sentence then available, for possession of a firearm by a convicted felon. The trial court noted that the defendant had amassed an extensive criminal record. Upon reviewing the defendant's lengthy criminal history, the trial court felt that any lesser sentence would deprecate the seriousness of the offense. The second circuit found that in consideration of defendant's criminal history, the defendant's sentence was not an abuse of the trial court's discretion and did not shock the court's sense of justice.

*Tucker*, 368 So.3d at 196-97.

Considering these examples of worst offenders and offenses, along with the facts and circumstances relating to the defendant, while keeping in mind the

question of whether the trial court abused its discretion, we find that the defendant's sentence is not excessive.

Certainly, the defendant differs in several ways from the cases referenced above. For example, like the defendant in *Caffrey*, the defendant had a prior conviction involving cocaine. In *Caffrey*, it was for possession, and it was his only felony; the defendant's was for distribution, and it was his first felony. In *Caffrey*, the defendant was uncooperative and did not demonstrate remorse, but he did plead guilty; here, the defendant was cooperative and offered to "work it off" but was convicted by a jury. In *Caffrey*, the defendant possessed a loaded gun; while it is unclear whether the defendant's gun was loaded, he did possess a stolen gun. In comparison with *Caffrey* alone, the defendant does seem among the worst offenders. There is, however, a marked difference between the defendant and those defendants who had four or five prior felonies. The defendant did not attempt to run away from the police like Warmack, nor did he try to undress like Charles. In *Tucker*, the defendant's prior act of violence was armed robbery, while the defendant's was second-degree battery (although the defendant and Tucker shared the quality of having had their parole revoked). Ultimately, however, any difference between the defendant and the worst offenders is too small to prove an abuse of discretion.

Since the record establishes the defendant's age, family ties, marital status, health, employment record, prior criminal record, seriousness of offense, and likelihood of rehabilitation, in short, the defendant's nature and background and the nature of his crime, we find there is an adequate factual basis for the sentence imposed, particularly in light of the defendant's criminal history. The sentence is not excessive. Consequently, we affirm the defendant's sentence on count five.

## CONCLUSION

The defendant's twenty-year sentence for the possession of a firearm by a convicted felon (count five) is affirmed. The sentences imposed for counts one, two, three, and four (possession of cocaine, possession of methamphetamine, monies derived from drug proceeds, and possession of a stolen firearm) are vacated as indeterminate. The case is remanded for the trial court to impose a sentence on each count, specifying whether the sentences are to be served with or without hard labor. The trial court is also instructed to impose a sentence for both possession of cocaine and possession of methamphetamine.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.**