ROSEMARY LEDET, Judge.
| ,The sole issue on this criminal appeal is whether the sentences the trial court imposed on the defendant, Ray Boudreaux, are excessive. Procedurally, this appeal is before us from the trial court’s judgment *883 denying Mr. Boudreaux’s motion for amendment of sentence, which is not an appealable judgment. We convert this appeal to an application for supervisory writ, grant the writ, and deny relief.

STATEMENT OF THE CASE

On February 21, 2008, Mr. Boudreaux was charged by bill of information with five counts of attempted second degree murder, violations of La. R.S. 14:30.1 and La. R.S. 14:27. He pled not guilty to all five counts. On June 22, 2008, at the conclusion of a four-day jury trial, the jury made the following findings: (i) as to count one: guilty of the lesser included offense of aggravated battery, a violation of La. R.S. 14:34; (ii) as to counts two, three, and four: guilty of the lesser included offense of attempted manslaughter, a violation of La. R.S. 14:31 and La. R.S. 14:27; and (iii) as to count five: not guilty. The trial court denied Mr. Boudreaux’s motions for new trial and post-verdict judgment of acquittal on July 23, 2008. On July 25, 2008, the trial court sentenced Mr. Boudreaux to two years at hard labor 12on count one, five years at hard labor on count two, three years at hard labor on count three, and ten years at hard labor on count four, with all sentences to run concurrently. Mr. Bou-dreaux filed a motion for appeal on the day of sentencing, which was granted.
In January 2009, this court remanded this case to the trial court for determination of counsel. On March 30, 2009, Mr. Boudreaux filed a second motion for new trial based on ineffective assistance of counsel. He also filed a motion for amendment of sentence. The State procedurally objected both in the trial court and in this court to Mr. Boudreaux’s second motion for new trial. In the trial court, the State conceded that, since Mr. Boudreaux was released on an appeal bond, the sentence in this case had not commenced (been made executory) and thus the motion to amend was properly filed. See La.C.Cr.P. art. 913(B)(providing that “[a]n appeal by the defendant shall not suspend the execution of the sentence, unless the defendant is admitted to postconviction bond”); La. C.Cr.P. art. 881 (providing that “[ajlthough the sentence is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence.”) The State, however, pointed out that Mr. Boudreaux had filed an appeal with this court in which the constitutionality of his sentence could be raised.
On January 6, 2010, this court granted the State’s writ application stating:
The trial court does not have jurisdiction to hear the defendant’s motion for new trial and any orders from this Court implying otherwise are recalled. The trial court is ordered to determine who will represent the defendant on appeal without any further delays and | ^provide this Court with that information so that a briefing schedule can be set.
On February 1, 2010, Mr. Boudreaux filed a motion to remand the case for a hearing on the motion for new trial. On March 2, 2010, this court denied that motion as moot in light of its previous determination that the trial court did not have jurisdiction to hear the defendant’s motion for new trial. In addition, this court noted that “the motion for new trial was not timely filed and ineffective assistance of counsel, the subject matter of the motion, is appropriately raised in an application for post-conviction relief.”
On September 29,- 2010, this court affirmed Mr. Boudreaux’s convictions and sentences. State v. Boudreaux, 08-1504 (La.App. 4 Cir. 9/29/10), 48 So.3d 1144, writ denied, 10-2434 (La.4/8/11), 61 So.3d 682. Thereafter, the trial court held two hearings on the motion for amendment of sentence. At the first hearing, which was *884 held on October 28, 2010, Mr. Boudreaux requested a stay of the proceedings pending the Louisiana Supreme Court’s ruling on his writ seeking review of this court’s decision affirming his convictions and sentences. The Supreme Court denied his writ application on April 8, 2011. On May 16, 2011, the trial court continued the hearing. Following the hearing, the trial court denied the motion to amend and ruled, over the state’s objection, that Mr. Boudreaux had the right to have an appeal court determine if the sentence the trial court imposed was excessive. This appeal followed.
As noted at the outset, the denial of a motion to amend sentence is not an appealable judgment; however, this court’s custom is to convert an improperly filed criminal appeal to a writ. See State v. Hill, 11-0683, pp. 3-4 (La.App. 4 Cir. 4/4/12), 89 So.3d 396, 399 (citing State v. Hutchinson, 99-0034 (La.App. 4 Cir. 5/17/2000), 764 So.2d 1139). We note the confusion in this case regarding the 1 ¿right to an appeal was the result of the pending motion to amend that had not yet been ruled on by the trial court when this court rendered its decision in Boudreaux I affirming both Mr. Boudreaux’s convictions and sentences. Nonetheless, the denial of a motion to amend is not a final judgment. Accordingly, Mr. Boudreaux’s appeal is converted to a writ.

STATEMENT OF THE FACTS

The facts of this case are summarized in detail in our prior opinion. Boudreaux, 08-1504 at pp. 1-28, 48 So.3d at 1146-60. Simply stated, Mr. Boudreaux was convicted of one count of aggravated battery and three counts of attempted manslaughter for stabbing four individuals in the early morning hours of September 16, 2007, outside Utopia, a New Orleans French Quarter bar.

DISCUSSION

Mr. Boudreaux enumerates the following four assignments of error:
1. The sentences violate the United States Constitution because they are disproportionate to the facts and circumstances of the crime and the lack of any prior criminal conduct on the part of Mr. Boudreaux.
2. The sentences of two years at hard labor for aggravated battery, five years at hard labor for one count [of] attempt[ed] manslaughter, three years at hard labor on another count of attempted] manslaughter and ten years at hard labor on a third count of attempted] manslaughter, with all sentences to run concurrently, were an abuse of discretion as the trial court failed to look at the facts and circumstances of the case and consider all of the materially mitigating factors listed in La.C.Cr.P. art. 894.1.
3. The sentences imposed are unconstitutionally “excessive” because they are nothing more than a purposeless and needless infliction of pain and suffering and do not further, but in fact hinder, the goals of incarceration.
4. The trial court failed to consider the legislative intent when it failed to impose the minimum sentences.
|BThe gist of Mr. Boudreaux’s assignments of error is that the sentences the trial court imposed on him were excessive. The following well-settled principles govern this court’s review of a defendant’s excessive sentence claim:
• Article 1, Section 20 of the Louisiana Constitution of 1974 provides that “No law shall subject any person ... to cruel, excessive, or unusual punishment.”
*885 • On appellate review of an excessive sentence claim, the relevant question is not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion. State v. Walker, 00-3200, p. 2 (La.10/12/01), 799 So.2d 461, 462.
• The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D). State v. Robinson, 11-0066, p. 17 (La.App. 4 Cir. 12/7/11), 81 So.3d 90, 99; State v. Major, 96-1214 (La.App. 4 Cir. 3/4/98), 708 So.2d 813, 819.
• An appellate court reviewing an excessive sentence claim must determine whether the trial court adequately complied with the statutory sentencing guidelines set forth in La.C.Cr.P. art. 894.1,as well as whether the particular circumstances of the case warrant the sentence imposed. State v. Trepagnier, 97-2427 (La.App. 4 Cir. 9/15/99), 744 So.2d 181,189; State v. Black, 98-0457, p. 8 (La.App. 4 Cir. 3/22/00), 757 So.2d 887, 891.
• The articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Art. 894.1. State v. Lanclos, 419 So.2d 475, 478 (La.1982); State v. Davis, 448 So.2d 645, 653 (La.1984) (the trial court need not recite the entire checklist of article 894.1,but the record must reflect that it adequately considered the guidelines).
• If the appellate court finds the trial court adequately complied with Article 894.1,it then must determine whether the sentence imposed is too severe in light of the particular defendant and the particular circumstances of the case, “keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged.” State v. Landry, 03-1671, p. 8 (La.App. 4 Cir. 3/31/04), 871 So.2d 1235,1239.
• A trial judge has broad discretion when imposing a sentence, and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. State v. Cann, 471 So.2d 701, .703 (La.1985).
|fi* Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762, 767 (La. 1979). For legal sentences imposed within the range provided by the legislature, a trial court abuses its discretion only when it contravenes the prohibition of excessive punishment in La. Const, art. I, § 20, i.e., when it imposes “punishment disproportionate to the offense.” State v. Soraparu, 97-1027 (La.10/13/97), 703 So.2d 608.
• A sentence, although within the statutory limits, is constitutionally excessive if it is “grossly out of proportion to the severity of the crime” or is “nothing more than the purposeless and needless imposition of pain and suffering.” State v. Caston, 477 So.2d 868, 871 (La.App. 4th Cir.1985).
ASSIGNMENTS OF ERROR ONE AND TWO
In the first assignment of error, Mr. Boudreaux argues that the sentences are disproportionate to the facts and circumstances and fail to take into account his lack of a prior criminal history. Because the lack of prior convictions is a mitigating factor pursuant to La.C.Cr.P. *886 art. 894.1, we address the first and second assignments of error together. As noted, the second assignment of error is that the trial court failed to consider all of the La. C.Cr.P. art. 894.1 mitigating factors.
The penalty for manslaughter is “imprison[ment] at hard labor for not more than forty years.” La. R.S. 14:31(B). “Whoever attempts to commit any crime shall be punished ... in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.” La. R.S. 14:27(D)(3). The sentencing range for attempted manslaughter is thus zero to twenty years.
The penalty for aggravated battery is a fíne of “not more than five thousand dollars [or imprisonment] with or without hard labor for not more than ten years, or both.” La. R.S. 14:34.
|7The trial court sentenced Mr. Bou-dreaux to two years at hard labor on count one, five years at hard labor on count two, three years at hard labor on count three, and ten years at hard labor on count four, with all sentences to run concurrently. Mr. Boudreaux contends that the sentences are excessive. In support, he argues that the trial court failed to consider several of the mitigating factors listed in La.C.Cr.P. art. 894.1, including:
(24) The defendant acted under strong provocation.
(25) There were substantial grounds tending to excuse or justify the defendant’s criminal conduct, though failing to establish a defense.
[[Image here]]
(26) The victim of the defendant’s criminal conduct induced or facilitated its commission.
(28) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime.
(29) The defendant’s criminal conduct was the result of circumstances unlikely to recur.
(30) The defendant is particularly likely to respond affirmatively to probationary treatment.
(31) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
(32) The defendant has voluntarily participated in a pretrial drug testing program.
Mr. Boudreaux contends that factors (24) to (26) address the events of the day of the crime. He stresses that it is undisputed the victims were the instigators and the aggressors of the fight and that he acted under strong provocation. He contends that his behavior on that day is not indicative of his character. He further contends that the evidence supports that there are substantial grounds to justify his conduct even though it did not rise to the level to establish an affirmative defense [jj(self-defense). Mr. Boudreaux contends that factors (28) to (32) suggest a sentencing court should consider the defendant’s character. He contends that the evidence he presented at the three separate hearings regarding his character supports his argument that the sentences the trial court imposed on him are excessive.
The record reflects that Mr. Boudreaux was allowed to present character witnesses on three separate occasions: the July 25, 2008 sentencing hearing; the October 28, 2010 motion hearing; and the May 16, 2011 continued motion hearing.
At the July 25, 2008 sentencing hearing, Mr. Boudreaux presented three witnesses: *887 his mother; Dr. Shayne Lee, a professor at Tulane; and Gary Young, an elder at Mr. Boudreaux’s church. His mother testified that her son was a role model. Dr. Lee testified that Mr. Boudreaux was a student in his sociology class, that he was very family-oriented, that he had a deep personal faith, that he initiated insightful discussions in class, that he was a leader at Tulane, and that he was a hard worker and a good student. Mr. Young testified that he had known Mr. Boudreaux since Mr. Boudreaux was very young; that Mr. Bou-dreaux was a leader both on and off the football field; that Mr. Boudreaux participated in the youth choir; and that he sets a positive example.
At the October 28, 2010 motion hearing, Mr. Boudreaux presented three witnesses: Juliette Clark, a fellow Tulane student of Mr. Boudreaux; Curtis Tsuruda, a strength coach of Mr. Boudreaux at Tulane; and Gabriel Ratcliff, a fellow football player of Mr. Boudreaux. Ms. Clark testified that she took several classes with Mr. Boudreaux, that they were friends, that he performed well academically, and that he was well thought of in school. Mr. Tsuru-da testified that Mr. Boudreaux was on a scholarship to play football at Tulane, that Mr. Boudreaux was well liked, and that Mr. Boudreaux |flwas dedicated and accountable. Mr. Ratcliff testified that he and Mr. Boudreaux were friends for several years; that Mr. Boudreaux was a loyal teammate; that Mr. Boudreaux was trustworthy; that Mr. Ratcliff remained in contact with Mr. Boudreaux; and that Mr. Ratcliff was in the wedding party when Mr. Boudreaux married his wife.
At the May 16, 2011 continued motion hearing, Mr. Boudreaux presented three witnesses: Ebony Treece, Mr. Bou-dreaux’s sister; Clarence Robert, Mr. Boudreaux’s jail mate;[1] and Lauren Bou-dreaux, Mr. Boudreaux’s wife. Ms. Treece testified that her brother, Mr. Boudreaux, was not violent. Mr. Robert testified that, while he was incarcerated for rape in 2007, he met Mr. Boudreaux. Mr. Robert further testified that Mr. Boudreaux would read to him his mail and the Bible and that Mr. Boudreaux also prayed with him on several occasions. Mrs. Boudreaux testified that she and her husband, Mr. Bou-dreaux, had a young child; that Mr. Bou-dreaux was a good father and husband; and that he was the primary financial provider for the family.
Mr. Boudreaux testified on his own behalf at the May 16, 2011 hearing. At the time of that hearing, Mr. Boudreaux was employed by Rubicon Fabricators in Abbe-ville, Louisiana as a rigger foreman. Mr. Boudreaux testified that he had been out on bond for three and a half years, that he had not been in any legal trouble, and that all his drug tests were negative. He stated that he attended church frequently while he was growing up and that he participated in numerous church-related activities; that he was in the band and played the trumpet; that he played football and ran track; that he was involved in the Beta Club, which required |1ftcommunity involvement and a 3.0 grade point average; that he was in the Bible Club; and that he was involved in the D.A.R.E.' program, which included speaking to several fifth-grade classes. Mr. Boudreaux was recruited to play football by Tulane, where he graduated with a 3.1 cumulative grade point average.
At the hearing, the trial court allowed defense counsel to make closing remarks.
*888 Defense counsel referenced La.C.Cr.P. art. 894.1 and listed several factors for the court to consider in determining whether to reduce Mr. Boudreaux’s sentence from ten to zero years. Defense counsel argued that incarcerating Mr. Boudreaux would not further the goals of incarceration because Mr. Boudreaux had no criminal history and thus did not need to be rehabilitated; likewise, the goal of preventing recidivism was inapplicable. Additionally, defense counsel argued that retribution, as a goal for incarceration, was inapplicable to Mr. Boudreaux because he has not forgotten the injuries that he caused to the victims. Although defense counsel conceded that Mr. Bou-dreaux was facing a sentence of up to twenty years, defense counsel argued that the statute contemplates that a non-jail sentence would be appropriate in certain circumstances. Defense counsel argued that this was such a case.
Defense counsel further argued that the mitigating factors in this case outweighed any aggravating circumstances. Defense counsel reiterated that La.C.Cr.P. art. 894.1 includes thirty-three factors to consider and argued that twenty-five of those factors were applicable to Mr. Boudreaux. Defense counsel further argued that the victims in this case were the aggressors; that “there were other weapons and instrumentality used,” such as a bottle and a knife by other individuals; that the bouncer had a gun; that the victims did not retreat; and that Mr. Boudreaux was provoked and outnumbered. Finally, defense counsel reiterated |1Tthe testimony establishing that Mr. Boudreaux graduated from Tulane and had a loving relationship with his family.
Following defense counsel’s argument, the trial court stated that he liked “the fact that Clarence Robert came here too because Clarence Robert was in my court.” Defense counsel stated that Mr. Bou-dreaux and Mr. Robert still maintained a relationship and that Mr. Boudreaux’s actions of reading to Mr. Robert and praying with him attested to Mr. Boudreaux’s character. Defense counsel then referenced La.C.Cr.P. art. 894.1 a third time. Defense counsel insisted that although neither the jury, the Fourth Circuit Court of Appeal, nor the Supreme Court found that Mr. Boudreaux acted in self-defense, the trial court “could still consider that fact when considering all other factors in looking at [Mr. Boudreaux].” Defense counsel repeatedly encouraged the trial court to impose an individualized sentence.
At the conclusion of the hearing, the trial court stated that sentencing a defendant who has a “good record” is always difficult and that he considered the fact that Mr. Boudreaux had no prior criminal history when he sentenced him. The trial court further stated that “I knew about Ray Boudreaux’s background and I listened to the facts during the case as well.” The trial court noted that the jury, who also listened to the facts during the trial, came back with lesser included convictions. The trial court stated:
Aggravated battery, the sentencing range is from zero to ten. And on that conviction, Mr. Boudreaux received two years. And on the remaining there counts of attempted] manslaughter, one sentence was for three and one was for five and the last one was for ten and that was the most difficult one to deal with because I had to balance Mr. Bou-dreaux’s background and the facts and the fact you cannot ignore is that th[is] particular victim suffered brain damage. He’s somewhat functional. It’s not the most serious brain damage, but be that as it 112may, he has suffered some brain damage as a result of this incident. *889 That’s why you were sentenced to ten years on that particular count.
At the time the trial court ruled on the motion to amend, Mr. Boudreaux’s sentence had not yet been made executory; he was released on appeal bond. The trial court thus had the authority to amend. La.C.Cr.P. art. 881(A)(providing that the court may amend “prior to the beginning of execution of the sentence.”)
Addressing the appropriateness of the relief Mr. Boudreaux was seeking (an amended sentence), the trial court noted:
Normally, on an amended sentence, for me to amend a sentence, something has to be done, not before the person comes to Court, but after a person has been sentenced, what the person has done since then. Normally, that’s in a circumstance, or in an environment, in which the person has already been sentenced, is serving the sentence, and has done something while he was incarcerated. That would seem to be the most typical scenario to amend a sentence. However, in this case, that doesn’t apply to Ray Boudreaux’s case because, No. 1, he hasn’t served any time other than the initial three weeks and some days. But because this is not a sentence that involves without hard labor, and it’s not a misdemeanor, he doesn’t have that remedy for me to rule on.
However, there’s a remedy insofar as, I would assume, even with a sentence with hard labor, the Court has discretion to amend, the sentence.
Reaffirming its sentencing decision, the trial court gave the following reasons:
When I gave the sentence initially, I gave it a great deal of thought. I knew what his background was. I knew when Tulane basically exiled him and discarded him when he could no longer benefit [from] their program and the fact that he did obtain his degree. That was taken into consideration with my original sentence. The motion to amend sentence is denied.
[[Image here]]
Also, I mentioned earlier about Clarence Robert. Clarence Robert’s case was in my section of court. And the fact is, while Ray Boudreaux was incarcerated, he did help Clarence Robert.... I’m going to recommend [for Mr. Boudreaux to participate as a mentor in | lsthe DOC reentry program], because Ray Bou-dreaux is not a typical person who is incarcerated, or who gets incarcerated that he has a lot to give and a lot to offer. I would hope he would use that opportunity to do that while he is incarcerated. I will make a recommendation that he use those skills for the reentry court. I would do that, but I just can’t ignore — I cannot ignore one of those people received brain damage. I just can’t do that.
Articulating the factual basis behind the sentence is the goal of La.C.Cr.P. art. 894.1, not mechanical compliance with its provisions; hence, the trial court is not required to enumerate all the mitigating factors provided the record reflects that the court adequately considered the statutory guidelines. See State v. Bell, 09-0588, pp. 2-3 (La.App. 4 Cir. 10/14/09), 23 So.3d 981, 983-84. In this case, the trial court adequately considered the statutory guidelines. Indeed, the trial court expressly stated on the record that Mr. Boudreaux’s background and his lack of a prior criminal history were taken into consideration. The record reflects that the trial court also considered the fact that Mr. Boudreaux had been out on an appeal bond for three and a half years at the time of the hearing. The trial court acknowledged this fact by noting that Mr. Boudreaux had not “served any time other than the initial *890 three weeks and some days.” Nonetheless, the trial court denied the motion to amend and reaffirmed its sentencing decision. We cannot conclude the trial court abused its discretion in doing so. The first and second assignments of error thus lack merit.
ASSIGNMENT OF ERROR NUMBER THREE
In the third assignment of error, Mr. Boudreaux argues that the sentences imposed on him are unconstitutionally excessive because the sentences are nothing more than a purposeless and needless infliction of pain and suffering and do not further, but in fact hinder, the goals of incarceration. In support of this argument, |i4Mr. Boudreaux cites no appellate court case; rather, he cites unpublished Orleans Parish Criminal District Court cases.
In response, the State points out that the sentencing range for Mr. Boudreaux was between zero to twenty years for each count of attempted manslaughter. La. R.S. 14:31(B); La. R.S. 14:27(D)(3). The State further points out that in sentencing Mr. Boudreaux to a total of ten years, the trial court ordered the sentences to be served concurrently, but it could have ordered that the sentences be served consecutively. The State still further points out that in several published appellate cases, sentences of ten years or more for attempted manslaughter have been upheld.[2]
In State v. Dubroc, 99-730 (La.App. 3 Cir. 12/15/99), 755 So.2d 297, a case cited by the State, the defendant was sentenced to twelve years at hard labor for attempted manslaughter and three years at hard labor for aggravated battery, to be served consecutively, for a total term of imprisonment of fifteen years. Finding the sentences were not constitutionally excessive, the appellate court noted that the trial court had considered the following three mitigating factors: the defendant’s age, lack of a prior criminal record, and his background. The appellate court reasoned as follows:
Defendant had no prior misdemeanor or felony convictions, nor did he have a record of any arrests for any criminal conduct. He was forty-five years old, married, a father and grandfather, and he had always been gainfully employed. The trial court considered his lack of any criminal history, the hardship that would be incurred by his family | isfrom any incarceration, and his stable background as mitigating factors.
Id. at 311. After acknowledging the violent nature of the crime, as well as the disfigurement of the victim, the appellate court concluded that, in spite of the mitigating factors, “[w]hile the sentence imposed may appear harsh, it is not so disproportionate to the severity of the crime that it shocks our sense of justice and, therefore, is not unconstitutionally exces *891 sive.” Id. Similarly, the trial court in this case, as previously noted, found that the life-long brain damage sustained by one of the victims was a significant factor in determining the appropriate sentence to be imposed on Mr. Boudreaux.
Although a comparison of sentences imposed for similar crimes may provide guidance, “[i]t is well settled that sentences must be individualized to the particular offender and to the particular offense committed.” State v. Batiste, 594 So.2d 1, 3 (La.App. 1st Cir.1991). Given the particular circumstances of this case, the record does not reflect either that the sentences the trial court imposed on Mr. Boudreaux were excessive or that the trial court abused its wide discretion in sentencing him to ten years to be served concurrently. The third assignment of error thus lacks merit.
ASSIGNMENT OF ERROR NUMBER FOUR
In the fourth assignment of error, Mr. Boudreaux argues that the trial court failed to consider the legislative intent when it declined to impose the minimum sentences. As discussed above, the trial court fully complied with La. C.Cr.P. art. 894.1. Mr. Boudreaux cites no authority for the proposition that a court must specifically consider legislative intent when imposing a sentence. In any event, the trial court considered punishment, retribution, or both when declining to impose | ^either the minimum or the maximum allowable sentences. Consideration of these factors is reflected in the following statement by the trial judge at the conclusion of the May 16, 2011 hearing: “I just can’t ignore — I cannot ignore one of those people received brain damage. I just can’t do that.” The fourth assignment of error thus lacks merit.

CONCLUSION

For the foregoing reasons, the defendant’s appeal is converted to a writ. The defendant’s writ is granted, but the relief the defendant seeks is denied.
APPEAL CONVERTED TO WRIT, WRIT GRANTED, AND RELIEF DENIED

. Mr. Boudreaux confirmed that he was incarcerated for a total of three weeks in 2007 and three days in 2008.

. The State cites State v. Richard, 01-952 (La. App. 5 Cir. 1/29/02), 807 So.2d 1129 (holding that a ten-year sentence for attempted manslaughter was not excessive); State v. Sampy, 07-1059 (La.App. 3 Cir. 3/5/08), 978 So.2d 553 (holding that a ten-year sentence for attempted manslaughter where the defendant had no criminal history was not excessive); State v. Maze, 09-1298 (La.App. 3 Cir. 5/5/10), 36 So.3d 1072 (holding that a twenty-year sentence for attempted manslaughter was not constitutionally excessive); State v. Woods, 41,420 (La.App. 2 Cir. 11/1/06), 942 So.2d 658 (twelve-year sentence for attempted manslaughter and ten-year sentence for aggravated battery upheld); State v. Willis, 36,198 (La.App. 3 Cir. 8/14/02), 823 So.2d 1072 (holding that fifteen-year sentence for attempted manslaughter and seven-year sentence for aggravated battery, to be served consecutively, were not excessive sentences); and State v. Dubroc, 99-730 (La.App. 3 Cir. 12/15/99), 755 So.2d 297. The Dubroc case is discussed elsewhere in this opinion.