ROLAND L. BELSOME, Judge.
| ¶ Defendant, Leonard Gibson, appeals his conviction for two counts of attempted armed robbery with a firearm, one count of armed robbery with a firearm, and three counts of aggravated kidnapping. For the following reasons, we affirm and remand for resentencing.

*695
FACTS AND PROCEDURAL HISTORY

Leonard Gibson, Ben Amos, Quinta T. Harris, and John E. Wilson were all charged with varying degrees of armed robbery with a firearm and aggravated kidnapping. We affirmed Ben Amos’ conviction in State v. Amos, 2015-0954 (La.App. 4 Cir. 4/6/16), 192 So.3d 822.
The facts giving rise to the charged offenses occurred on August 25, 2014, at approximately 4:30 a.m. at a Walgreens location in Chalmette, Louisiana. At the time, three Walgreens employees and one customer were inside the store. Lan Nguyen, an overnight clerk at the Walgreens in question, was working in the photo department in the early morning hours' of August 25, 2014. Ms. Nguyen was speaking with customer, Jacob Schiro, when she saw a masked, “African-| 2American” male enter the store and run toward them with a gun. The gunman then forced the two at gunpoint down one of the store aisles, where they first encountered another masked gunman, and then a Walgreens employee, Todd Roberts, stocking shelves. Mr. Roberts testified that after hearing Ms. Nguyen call his name, he looked up to see Ms. Nguyen and Mr. Schiro being shepherded down the aisle at gunpoint. Mr. Roberts was then escorted to the break room with the other two hostages.
Once in the break room, the gunmen had the hostages lie on the floor, while they attempted to tie their hands and feet. The hostages repeatedly demanded the employees open the store safe, to which they responded that they had no access to the combination. The suspects repeatedly threatened the hostages’ lives if the safe was not open.
At some point, a customer asked for assistance over the intercom, startling the gunmen and causing them both to flee the break room. Once the suspects were gone, Mr. Schiro exited-the back of the store and found that police had corralled the defendant outside of the store. Mr. Schiro was able to identify the defendant at the time of his arrest, as he was no longer wearing a bandana on his face.
Sergeant James Norsworthy testified that he was on patrol during the early morning hours of August 25, 2014, when he responded to a call of an armed robbery in progress at the Walgreens in question. Sgt. Norsworthy had set up a perimeter ■ around the store with other deputies when he witnesses Mr. Gibson exit the back door of the store. Upon his exit, the officers had their weapons drawn and |3were able to immediately detain the individual, who was later identified as the Defendant.
Detective Ryan Melerine also responded to the Walgreens on the morning of August 25, 2014. Det. Melerine read the defendant his rights while an irate Mr. Gibson was exclaiming, “It was all me, I’ll take my charge.” Though Detective Mele-rine opined that Mr. Gibson did not appear to be mentally ill, Mr. Gibson maintained that he could not control the voices in his head that encourage criminal activity. Accordingly, Mr. Gibson does not deny the events surrounding his. arrest, but maintains that they were out of his control.

ASSIGNMENTS OF ERROR

1. Defendant contends that the State failed to prove beyond a reasonable doubt that he was guilty of aggravated kidnapping.
2. Defendant contends that the State failed to prove the elements of armed robbery with a firearm and attempted armed robbery with a firearm beyond a reasonable doubt.
3. Defendant contends that the district court imposed unconstitutionally excessive sentences.

*696
ERRORS PATENT

A review of the record reveals an error patent with regard to the defendant’s sentences for armed robbery with a firearm- and attempted armed robbery with a firearm. In the bill of indictment, the State invoked the firearm sentence enhancement provision of La. R.S. 14:64.3, which provides that when a firearm is Lused in the commission of an armed robbery or attempted armed robbery, the “offender shall be imprisoned for an additional period of five years without benefit of parole, probation,, or suspension of sentence.” . In, sentencing Mr. Gibson, the trial court did not indicate whether the sentences included the additional years referenced above.
We addressed' this very issue in the appeal of Mr. Gibson’s accomplice, Ben Amos, and recognized that:
This Court has previously held that a sentence is indeterminate, when the trial court fails to impose a consecutive five-year enhancement as mandated by La. R.S. 14:64.3. State v. Burton, 2009-0826, p. 3 (La.App. 4 Cir. 7/14/10), 43 So.3d 1073, 1076. In such cases, the court must vacate the sentences and remand the matter' for resentencing or clarification as to whether the defendant’s sentence includes any additional punishment as prescribed by La. R.S. 14:64.3. (citations omitted).
Amos, 2015-0954, p. 3, 192 So.3d 822.
Accordingly, we vacate the sentences as to the conviction for armed robbery and attempted armed robbery, and remand for resentencing.

DISCUSSION

■ Assignments of Error Nos. 1 and 2

For the defendant’s- first two assignments of error, he challenges the sufficiency of the evidence to support his convictions. In evaluating the sufficiency of evidence, .an appellate court must determine whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In State v. Sparkman, 2008-0472, pp. 6-7 (La.App. 4 cir. 1/28/09), 5 So.3d 891, 895, we | (¡stated that the Jackson standard is legislatively embodied in La. C.Cr.P. art. 821(B), which provides that a “post-verdict judgment of acquittal shall be granted only if the court find that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty.”
A reviewing court is not permitted to consider just the evidence most favorable to the prosecution, and must consider the record as a whole. State v. Haynes, 2013-0323, pp. 7 (La.App. 4 Cir. 5/7/14), 144 So.3d 1083, 1087. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all the evidence most favorable to the prosecution must be adopted. Id. Further, a reviewing court should not disturb a factfinder’s credibility decision unless it is clearly contrary to the evidence. State v. McMillian, 2010-0812, p. 6 (La.App. 4 Cir. 5/18/11), 65 So.3d 801, 805.
Lastly, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). In using circumstantial evidence to convict, the elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from the Jackson v. Virginia standard out *697 line above; rather, it is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 817 (La.1987).

Aggravated Kidnapping

As his first assignment of error, the defendant contends that the State failed to prove beyond a reasonable doubt that he was guilty of the three counts of | (¡aggravated kidnapping. Louisiana Revised Statute 14:44 defines aggravated kidnapping and provides, in pertinent part:
Aggravated kidnapping is the doing of any of the following acts with the intent thereby to force the victim, or some other person, to give up anything of apparent present or prospective value, or to grant any advantage or immunity, in order to secure a release of the person under the offender’s actual or apparent control:
1. The forcible seizing and carrying of any person form one place to another; or
2. The enticing or persuading of any person to go from one place to another; or
3. The imprisoning or forcible secreting of any person.
As we noted in Amos, the Louisiana Supreme Court has held that the crucial question in determining whether an aggravated kidnapping has occurred is “whether the defendant sought to obtain something of value ... by playing on upon the victim’s fear and hope of eventual release in order to gain óompliance with his demands.” State v. Arnold, 548 So.2d 920, 924 (La.1989). Proof of such an intent to extort can be shown by analyzing whether a reasonable person in-the victim’s shoes would believe that she would not be safely released without complying with the kidnapper’s demands. Arnold, 548 So.2d at 924.
The record clearly shoes that Defendant and his accomplice compelled the victims by gunpoint to the break room, where the gunmen ordered the victims on the ground, attempted to zip tie their extremities, and threatened to kill them if they did not open the store’s safe. The kidnapper need not expressly announce to his victims that they would not be released only upon compliance with" his demands. See id. Accordingly, a reasonable person in the victim’s position would have certainly been reasonable in believing that they were going to be killed if they did not comply with Defendant’s demands. See id.
17Pefendant contends that he never carried “any person from one place to another” as required by La. R.S. 14:44(1). However, only one of the three enumerated acts in La. R.S. 14:44 must have occurred to satisfy the statute’s requirements. As we did in Amos, we find that Defendant’s actions more clearly satisfy La. R.S. 14:44(3) — that is, that he “imprisoned or forcibly secreted” the victims in the Walgreens break room. 2015-0954, p. 9-10 (La.App. 4 Cir. 4/6/16), 192 So.3d 822. This court in State v. Williams, 2002-0260 (La.App. 4 Cir. 3/12/03), 842 So.2d 1143, found that moving of victim within their home satisfied this very element of second degree kidnapping.[1] Similarly, in State v. Westbrook, 2014-1055, 2014 WL 7338523, at *10 (La.App. 1 Cir. 12/23/14), the court found that confining victims at gunpoint in their bedroom while taking money from a safe was sufficient to satisfy this element of aggravated kidnapping.
*698 The record, here, shows that the victims were forced at gunpoint by Defendant and his accomplice into the employee break room located in the back of the Walgreens store. These actions are clearly sufficient to show that Defendant “imprisoned or forcibly secreted” the victims in the Walgreen’s break room. For these reasons, we find that there was sufficient evidence to convict Defendant on all three counts of aggravated kidnapping.

Armed Robbery

With regard to Defendant’s second assignment of error, Mr. Gibson challenges the sufficiency of the evidence on the various armed robbery charges. Defendant was convicted of the armed robbery with a firearm of Ms. Nguyen. To sustain a conviction for armed robbery with a firearm, the State must prove beyond |sa reasonable doubt that the defendant (1) took “[something] of value belonging to another from the person of another or that is in the immediate control of another, by force or intimidation, while armed with a dangerous weapon;” and (2) that the “dangerous weapon used in the commission of the crime of armed robbery is a firearm.” See La. R.S. 14:64(A); La. R.S. 14:64.3(A); State v. Butler, 2014-1016, pp. 6-7 (La.App. 4 Cir. 2/11/15), 162 So.3d 455, 461.
Defendant argues that there is insufficient evidence to support a conviction because his intent was to take money that belonged to Walgreens that was not in the immediate control of possession of the victims. However, armed robbery is a general intent crime, and general intent is present “when circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act.” State v. Smith, 2007-2028, p. 10 (La.10/20/09), 23 So.3d 291, 297; La. R.S. 14:10(2). Thus, an offender has the requisite intent when the prohibited result may have reasonably been expected to follow from the offender’s voluntary act, regardless of any subjective desire to have accomplished the result. Smith, 2007-2028, p. 10, 23 So.3d at 298.
The record indicates that Mr. Gibson and his accomplice patted down Ms. Nguyen and took a cell phone from her possession while they were armed with guns. Though the cellphone was never recovered, this is sufficient to show that Defendant took something of value from Ms. Nguyen, that was in her immediate control. Accordingly, we affirm his conviction on this count.
Defendant was also convicted on two counts of attempted armed robbery with a firearm of Mr. Robert and Mr. Schiro. An attempt occurs when the offender, “having the specific intent to commit a crime, does or omits an act for the | ^purposes of and tending directly toward the accomplishing of his object.” La. R.S. 14:27(a) (emphasis added).[2] Thus, to sustain a conviction for attempted armed robbery with a firearm, the State must prove that the defendant, with the specific intent to commit armed robbery, did or omitted an act for the purpose of and tending directly toward the taking of anything of value belonging to another, from the person of another or in the immediate control of another, by the use of force or intimidation, while armed with a firearm. La. *699 R.S. 14:27; La. R.S. 14:64(A); La. R.S. 14:64.3(A).
Here, the record indicates that both Mr. Robert and Mr. Schiro were escorted at gun point into the break room and ordered to lie face down with their hand behind their back. While Mr. Robert was patted down and removed his wallet after observing the gunmen take Ms. Nguyen’s cell phone, Mr. Schiro did not indicate that he was patted down or remove anything from his person. However, the perpetrators attempted to zip tie Mr. Schiro’s extremities while continuously threatening the victims lives in demanding. that the safe be opened. As this Court found in Amos, the fact that nothing was physically removed from Mr. .Schiro’s person during the incident, does hot discount the fact the Mr. Schiro witnessed the taking of Ms. Nguyen’s cell phone, and Mr. Robert giving up his wallet while similarly prone on the break room floor. 2015-0954, pp. 6-7, 192 So.3d 822. Accordingly, it was reasonable for a juror to have found that Mr. Gibson had the requisite intent to take something of value from both Mr. Robert and Mr. Schiro. 1 ^Therefore, we affirm the convictions as to the attempted armed robberies of these two victims.

Assignment of Error S

Lastly, Mr. Gibson argues that his various sentences are unconstitutionally excessive.[3] On appellate review of a sentence, the relevant question is not whether another sentence might have been more appropriate, but whether the trial court abused its broad sentencing discretion. State v. Chaplain, 2012-1012 (La.App: 4 Cir. 5/29/13), 114 So.3d 1274, writ den. 2014-0411 (La.10/31/14), 152 So.3d 147.
In reviewing a claim that a sentence is excessive, an appellate court generally must determine whether the trial judge has adequately complied with statutory guidelines in La. C.Cr.P. art. 894.1, and whether the sentence is warranted under the facts established by the record. State v. Boudreaux, 2011-1345 (La.App. 4 Cir. 7/25/12), 98 So.3d 881, writ den. 2012-1907 (La.11/9/12), 100 So.3d 841. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Article 894.1. Id., 2011-1345 p. 5, 98 So.3d at 885. The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. . La. C.Cr.P. art. 881.4(D).
Inlf the reviewing court finds adequate compliance with Article 894.1, it must then determine whether the sentence the trial court imposed is too severe in light of the particular defendant as well as the circumstances of the case, “keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged.” State v. Materre, 2009-1666 (La.App. 4 Cir. 12/8/10), 53 So.3d 615.
Mr. Gibson argues that his life sentences are constitutionally excessive in light of La. Const. Art. I, sec. 20: “[n]o law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment.” A sentence violates La. *700 Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime-and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166.
Defendant’s life sentences are mandatory. “[T]he court may depart from the mandatory minimum sentence only if it finds that there is clear and convincing evidence in the particular case before it that would rebut the presumption of constitutionality.” State v. Jenkins, 1998-2772 (La.App. 4 Cir. 3/15/00), 759 So.2d 861, 865 (citing State v. Johnson, 97-1906 (La.3/4/98) at p. 7, 709 So.2d at 676). The Supreme Court in Johnson stated that the defendant has the burden of proof in rebutting the.presumption that the mandatory minimum sentence under the Habitual Offender Law is constitutional. 97-1906, (La.3/4/98), 709 So.2d at 676. In order to meet that burden, the defendant is required to clearly and convincingly show that “[h]e is exceptional, which in this context means that because of unusual 112circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.” Id., citing, State v. Young, 94-1636, pp. 5-6 (La.App. 4 Cir. 10/26/95), 663 So,2d 525, 528 (Plotkin,. J., concurring). The Supreme Court has emphasized to sentencing judges that “departures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations.” Id. at 677 (emphasis added). See also State v. Lindsey, 99-3256, 99-3302 (La.10/17/00), 770 So.2d 339, 345.
Defendant avers that the trial judge failed to take into account his mitigating circumstances; namely, his history of mental illness and the fact thaL he originally pled guilty (agreeing to sixty-five years) before withdrawing his plea and ending up with life sentences. However, the record reflects that Mr. Gibson was found competent at the onset of trial, and although his counsel tried to,argue otherwise, the medical evaluation is contrary. On the -issue of excessiveness when the sentence is mandatory, it has been established that “[o]ther Louisiana courts have affirmed life sentences for aggravated rape and aggravated kidnapping.” See State v. Lebreton, 2003-0321, p. 21-22 (La.App. 4 Cir. 10/8/03), 859 So.2d 785, 798. Further, Mr. Gibson’s sentence is not violative of Da. 'Const, art. 1, § 20 considering that he held three people hostage at gunpoint and:attempted to rob a store, while successfully robbing one victim. Accordingly, the trial court’s imposition of the statutorily mandated sentence is not constitutionally excessive, thus we affirm the life sentences for the three counts of aggravated kidnapping.

CONCLUSION

Considering the foregoing reasons, this court affirms the Defendant’s convictions- and sentences for the three counts of aggravated kidnapping. Further, | iathis court affirms the Defendant’s conviction of armed robbery with a firearm of Ms. Nguyen and attempted armed robbery with a firearm of Mr. Robert and Mr. Schiro. As for the sentences the defendant received for the -armed robbery with a firearm and attempted armed robbery with a firearm, this court finds that they are indeterminate, thus we vacate and remand the case to trial court for resentencing and/or clarification on these counts.
*701 AFFIRMED, REMANDED FOR RE-SENTENCING

. Specific criminal intent tis the state of mind which exists when the circumstances indicate the the offender actively desired the prescribed criminal consequences to follow from his act. La. R.S. 14:10(1); State v. Weary, 2003-3067, p. 11 (La.4/24/06), 931 So.2d 297, 311. The determination of whether specific intent exists is a question of fact for the jury. State v. Ordodi, 2006-0207, p. 11 (La. 11/29/06), 946 So.2d 654, 661.

. Because the sentences for the counts of armed robbery and attempted armed robbery have been found, herein, to be indeterminate, this Opinion will not address the excessiveness of those sentences. See supra, pp. 695-96. Because those sentences are vacated and remanded for resentencing, the assignment of error with regard to those sentences is moot. See State v. Burton, 2009-0826, p. 11 (La.App. 4 Cir. 7/14/10), 43 So.3d 1073, 1080.